IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| AMERIS BANK, | ) | |
| | ) | |
|       Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. <u>9:23-cv-02699-BHH</u> |
| | ) | |
| CROSSROADS CONSTRUCTION | ) | |
| SERVICES, INC., DALLAS REEVES, | ) | |
| and KATHERINE REEVES, | ) | |
| | ) | |
|       Defendants. | ) | |

## **COMPLAINT**

Plaintiff Ameris Bank (hereinafter, "Ameris"), files this Complaint, showing the Court as follows:

### PARTIES, JURISDICTION, AND VENUE

1.      Ameris is a Georgia state-chartered bank duly organized under the laws of the State of Georgia.

2.      Defendant Crossroads Construction Services, Inc. (hereinafter "Crossroads") is a corporation, organized under the laws of the State of South Carolina and with its principal place of business in South Carolina.  Crossroads may be served through its Registered Agent, Dallas Reeves, at 372 County Shed Road, Beaufort, Beaufort County, South Carolina 29906.

3.      Defendant Dallas Reeves (hereinafter, "D. Reeves") is a citizen of the State of South Carolina and upon information and belief resides at 372 County Shed Road, Beaufort, Beaufort County, South Carolina 29906.

4.      Defendant Katherine Reeves (hereinafter, "K. Reeves" and together with Crossroads and D. Reeves, the "Defendants") is a citizen of the State of South Carolina and upon information and belief resides at 147 Blythe Island Dr., Bluffton SC 29910.

5.      This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) because Ameris is a citizen of the State of Georgia by virtue of being incorporated in Georgia and also having its principal place of business located in Georgia while the defendants are each citizens of the State of South Carolina, and the amount in controversy exceeds the sum of $75,000.

6.      This Court has personal jurisdiction over the defendants because they are citizens of the State of South Carolina and reside in this State.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) as the defendants reside in this judicial district and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.  The undersigned counsel for Ameris endorses, pursuant to L.R. 3.01(B), that the Beaufort Division is the proper assignment for this case.

STATEMENT OF FACTS—PROMISSORY NOTE, GUARANTIES, AND LOAN AGREEMENT

8.      Crossroads executed and delivered a promissory note (the "Note") in favor of Ameris dated April 2, 2019, in the principal amount of $1,000,000.00.  A true and correct copy of the Note is attached hereto as Exhibit 1.

9.      The Note provides that, if it is placed with an attorney for collection, Crossroads shall pay attorney's fees and costs of collection.

10.     Also on April 2, 2019, D. Reeves executed and delivered to Ameris an Unconditional Guarantee pursuant to which D. Reeves personally guaranteed the full and prompt payment of all debts, obligations and liabilities of Crossroads under the Note.  A true and correct

copy of the D. Reeves Unconditional Guarantee (the "D. Reeves Guarantee") is attached hereto as <u>Exhibit 2</u>.

11.    Also on April 2, 2019, K. Reeves executed and delivered to Ameris an Unconditional Guaranty pursuant to which K. Reeves personally guaranteed the full and prompt payment of all debts, obligations and liabilities of Crossroads under the Note. A true and correct copy of the K. Reeves Unconditional Guaranty (the "K. Reeves Guarantee" and, along with the "D. Reeves Guarantees", collectively the "Guarantees") is attached hereto as <u>Exhibit 3.</u>

12.    The Guarantees provide that whenever any attorney is used by Ameris to enforce the Guarantees, the Lender shall be entitled to recover attorney's fees and costs from the Guarantors.

13.    In connection with the Note and the Guarantees, Crossroads executed and delivered to Ameris on April 2, 2019, a Loan Agreement in which it acknowledged its obligations under the Note and the Guaranties. A true and correct copy of the Loan Agreement is attached hereto as <u>Exhibit 4</u>.

STATEMENT OF FACTS—DEFAULT

14.    In the Note, Crossroads promised to pay Ameris the principal sum of $1,00,000.00 plus interest at an adjustable periodic rate of Prime Rate (as that term is defined in the Note) plus 1.5% (the "Interest Rate") per annum, all as more fully described in the Note.

15.    The Note provides that failure to pay any part of the principal or interest when due shall constitute an event of default under the Note.

16.    The Note provides that upon the occurrence of an event of default under the Note, the Note shall become immediately due and payable at the option of Ameris.

17.     The Note provides that upon the occurrence of an event of default under the Note, the Note shall accrue interest at the "Default Rate" (defined in the Note as the Interest Rate plus 4%), all as more fully described in the Note.

18.     The Note provides that, if it is placed with an attorney for collection, Crossroads shall pay all costs of collection and attorney's fees on the principal owed.

19.     Crossroads failed to timely pay Ameris payments that became due and owing under the Note.

20.     An event of default occurred under the Note as a result of Crossroads' failure to timely pay Ameris payments that became due and owing under the Note.

21.     The Guaranties also provided that D. Reeves and K. Reeves shall be jointly and severally responsible for and shall reimburse Ameris for all costs, expenses and reasonable attorney's fees incurred by Ameris in connection with the enforcement the Guaranties or the preservation of any right or claim of the Ameris in connection with the Guaranties, including without limitation, costs and expenses incurred by Ameris in connection with its attempts to collect the indebtedness and liabilities guaranteed by the Guaranties.

22.     On August 9, 2022, Ameris sent Defendants a letter (the "Default Letter") providing Defendants with notice of default under the Note, Guaranties, and Loan Agreement, with notice that Ameris had accelerated all amounts due and owing under the Note, notice that Ameris was demanding payment of all amounts due under the Note, notice that Ameris intended to enforce all remedies available under the provisions of the Note, Guaranty, and Loan Agreement, and notice that Ameris would seek reasonable attorney's fees and costs pursuant to the Note, Guaranty, and S.C. Ann. § 15-37-10.  A true and correct copy of the Default Letter is attached hereto as Exhibit 5.

23.    As of June 13, 2023, $434,943.27 in principal and $2,130.03 in interest remains unpaid, due, and owed under the Note.

24.    The Defendants are liable to Ameris for the amounts due and owing under the Note and/or Guaranties.

25.    Defendants are also indebted to Ameris for attorney's fees and costs pursuant to the provisions of the Note, the Guaranties, and S.C. Ann. § 15-37-10.

26.    Interest has accrued and continues to accrue on the unpaid amount of the indebtedness due under the Note for each and every date after June 5, 2023, at the per diem rate of $76.58 until said indebtedness has been paid in full.

COUNT I: BREACH OF THE NOTE AND LOAN AGREEMENT

27.    Crossroads' failure to pay to Ameris amounts due and owing under the Note, and Loan Agreement as required under those instruments constitutes an Event of Default.

28.    Crossroads has breached its obligations under the Note and Loan Agreement by failing to make all payments due and owing under those instruments.

29.    As a result of this breach of the Note, and Loan Agreement, Crossroads owes to Ameris the sum of $434,943.27 in principal and $2,130.03 in interest as of June 13, 2023.

30.    As a result of this breach of contract, $163.85 in per diem interest continues to accrue and is owed by Crossroads to Ameris each day after June 13, 2023.

COUNT II: BREACH OF THE GUARANTIES

31.    D. Reeves's failure to pay to Ameris amounts due and owing under the D. Reeves Guarantee as required under that instrument constitutes a breach of that guaranty.

32.    K. Reeves's failure to pay to Ameris amounts due and owing under the K. Reeves Guarantee as required under that instrument constitutes a breach of that guaranty.

33.     As a result of this breach of the Guaranties, D. Reeves and K. Reeves owe to Ameris the sum of $434,943.27 in principal and $2,130.03 in interest as of June 13, 2023.

34.     As a result of this breach of contract, $163.85 in per diem interest continues to accrue and is owed by D. Reeves and K. Reeves to Ameris each day after June 13, 2023.

COUNT III: ATTORNEY'S FEES

35.     As a result of Defendants' default under the Note, Guaranties, and Loan Agreement, Ameris placed the Note, Guaranties, and Loan Agreement with an attorney for collection and has incurred and will incur costs of collection and attorney's fees under those instruments.

36.     As a result of the Defendants' failure to pay all sums due under the Note, Guaranties, and Loan Agreement, the Defendants are jointly and severally liable to Ameris for Ameris' reasonable attorney's fees and costs of collection.

WHEREFORE, Ameris prays for judgment in its favor and against Defendants as follows:

a)      Defendants be served with summons and this Complaint;

b)      Defendants be found jointly and severally liable to Ameris in an amount to be determined at trial, plus late fees, pre-judgment and post-judgment interest, for all amounts due and owing under the Note, Guaranties, and Loan Agreement;

c)      Defendants be found jointly and severally liable to Ameris for the costs and expenses of this litigation, including Ameris' reasonable attorney's fees under the Note, Guaranties, and Loan Agreement;

d)      The imposition of post-judgment interest at the default rate as defined under law for the Note, Guaranties, and Loan Agreement; and

e)      Such other and further relief as the Court deems just and proper.

This 15th day of June, 2023.

ELLIS PAINTER

By:  */s/Jason Pedigo*

Jason Pedigo
South Carolina Bar No. 105234
Attorneys for Plaintiff Ameris Bank

P.O. Box 9946
Savannah, GA 31412
(912) 233-9700
pedigo@ellispainter.com

*Ameris Bank v. Crossroads Construction Services, Inc., Dallas Reeves, and Katherine Reeves*, U.S. District Court, District of South Carolina, Beaufort Division, Case No. To Be Assigned, Complaint